# IN THE COURT OF APPEALS OF IOWA

No. 22-0761
Filed June 29, 2022

IN THE INTEREST OF P.H. and C.T.,
Minor Children,

K.H., Mother,
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Woodbury County, Stephanie Forker

Parry, District Associate Judge.

　　　The mother appeals the termination of her parental rights to two children.

**AFFIRMED.**

　　　Jessica R. Noll of Deck Law PLC, Sioux City, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Diane Murphy Smith, Assistant

Attorney General for appellee State.

　　　Marchelle Denker and Michelle M. Hynes of Juvenile Law Center, Sioux

City, attorneys and guardians ad litem for minor children.

　　　Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

The mother appeals the termination of her parental rights to C.T.[1] and P.H., born in 2020 and 2021 respectively.[2]  The juvenile court terminated the mother's rights to both children under Iowa Code section 232.116(1)(b) and (h) (2022).  The mother purports to challenge both of the statutory grounds, maintains termination of her rights is not in the children's best interests, and asks for additional time to work toward reunification.  The children's attorney and guardian ad litem asks that we affirm the termination of the mother's parental rights.

We review termination proceedings de novo.  *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).  When the juvenile court terminates parental rights on more than one ground, we may affirm so long as at least one of the grounds is supported by the record.  *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  We need not consider the other grounds.  *See id.*  Here, we choose to consider termination under

---

[1] The juvenile court determined that C.T. is an "Indian child" under both the state and federal Indian Child Welfare Act (ICWA) based on the child's father's enrollment in the Turtle Mountain Band of Chippewa Indians.  At the termination trial, the parties stipulated that Marilyn Poitra was a qualified expert witness and that, if called, she would testify both that the continued custody of C.T. by the mother "is likely to result in the serious emotional and physical damage to the child" and that the Tribe agreed with the termination of the mother's parental rights.  Similarly, in the written termination order, the juvenile court recognized that different substantive standards apply to an Indian child in a termination proceeding.  *See* 25 U.S.C. § 1912(e) (mandating that termination may not be ordered unless the state proves beyond a reasonable doubt that continued custody of the child by the parent or "Indian custodian" is likely to result in serious emotional or physical damage to the child).

None of the mother's arguments on appeal involve the application of this heightened standard or implicate other ICWA provisions.

[2] The father of C.T. is deceased.  The mother named a putative father of P.H., but his paternity was never confirmed.  The rights of P.H.'s putative father, as well as any unknown biological father, were terminated.  No father appeals.

paragraph (h), which allows the court to terminate parental rights if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). "At the present time" means at the time of the termination trial. *See M.W.*, 876 N.W.2d at 223.

The mother claims the juvenile court should not have terminated her rights under paragraph (h), but none of her arguments line up with the necessary elements. She does not contest that the children are the appropriate age, have been adjudicated children in need of assistance, and have been removed from her care for the necessary amount of time. And, for good reason, she does not argue the children could be returned to her at the time of the March 2022 termination trial—the mother was in prison with years possibly remaining before her release.[3] The mother's belief she may be paroled in the near future and her claim she "was making progress" while incarcerated are not pertinent as to whether this ground for termination was properly proved and applied. Because the mother has not challenged the actual ground under section 232.116(1)(h), we do not consider this further.

---

[3] In October 2021, the mother was sentenced to a term of imprisonment not to exceed five years. At the termination trial, the mother conceded the children could not be placed with her then.

The mother argues termination of her parental rights is not in the children's best interests because she "love[s] both of her children tremendously." In determining what is in the best interests of the children, we are "required to use the best-interest framework established in section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). "The primary considerations are 'the child's safety,' 'the best placement for furthering the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *Id.* (quoting Iowa Code § 232.116(2)). C.T. was removed from the mother's care at less than two months old and P.H. was removed the day after birth. Neither child has resided with the mother since their removal. At the time of the termination trial, the mother testified she only ever had one visit with P.H. and limited visits with C.T. She admitted she was "scared when they see [her] they're going to cry" because "they don't know [her]." She recognized that children need "food and shelter and clothing" and that she was not able to provide any of those things at that time. In contrast, the children remained together in the care of a foster family, with whom they have thrived. The foster parents would like to integrate the children into their family permanently. Termination of the mother's rights will allow the children to achieve permanency; it is in the children's best interests.

Finally, the mother requests an additional six months to work toward reunification. At the termination trial in March 2022, the mother testified she would be up for parole for the first time in May. If granted, it would take her "a couple months to get set up" before the kids could be returned to her care—as far as obtaining housing, furniture, etc. But even if the mother was to be released in May 2022, we cannot say the children could be safely returned to her care within six

months of the termination trial.  *See* Iowa Code § 232.104(2)(b) (allowing the court to grant an extension if the need for removal will no longer exist in six months).  The mother was nearly thirty-one years old; she testified that, as an adult, she has never lived alone or maintained her own home.  Additionally, the mother admitted using methamphetamine up until she went to prison.  She also confirmed she lives with "severe schizophreni[a]" that others noted remained problematic because of her failure to comply with mental-health therapy when not incarcerated.  The mother receives social security disability because of her condition—though not while in prison—but has never been in charge of her own money.  An additional six months is not long enough to establish that the mother can maintain a sober lifestyle outside of prison and that she is able to take care of herself and two young children full-time.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**